UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUAN CARLOS MARTINEZ CANALES,

                Petitioner,

       v.                              **ORDER**
                                                   26-CV-3118-SJB

MARKWAYNE MULLIN, et al.,

                Respondents.
----------------------------------------------------------------X
**BULSARA, United States District Judge:**

Petitioner Juan Carlos Martinez Canales ("Martinez Canales"), a twenty-four-year-old citizen of Honduras who has lived in the United States since 2019, was arrested on March 3, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed May 22, 2026, ("Pet."), Dkt. No. 1 ¶¶ 1, 23). Martinez Canales was on his way to work when he and his co-workers were randomly stopped by ICE. (*Id.* ¶ 30). He was arrested without a warrant and detained without an individualized pre-deprivation custody determination.[1] (*Id.* ¶¶ 1, 3, 30).

Martinez Canales came to the United States as a minor fleeing gang violence and was placed in removal proceedings as an unaccompanied child; his case was taken off the active docket in 2023 and only just became active again in 2026. (*Id.* ¶¶ 23, 27). He works as a landscaper and has no criminal convictions. (*Id.* ¶¶ 26, 28). He has been

---

[1] Respondents do not contest that the arrest was warrantless—they provide no information about the basis for his arrest nor documentation of the arrest. (*See* Resp'ts' Letter at 1 (stating only that ICE advised that Petitioner was detained under § 1225 on March 3, 2026 and transported to the Nassau County ICE Intake for "post-arrest processing")). They also do not address whether any custody determination was conducted alongside his arrest or in the last three months.

detained for almost three months in the Metropolitan Detention Center ("MDC") in Brooklyn. (*Id*. ¶ 7).

Respondents contend that they originally detained Martinez Canales pursuant to 8 U.S.C. § 1225(b)(2), but given the Second Circuit's decision in *Barbosa da Cunha*, he is now detained pursuant to § 1226(a). (Resp'ts' Letter dated May 27, 2026, Dkt. No. 6 at 2); *see Barbosa da Cunha v. Freden*, -- F.4th --, No. 25-3141, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter."). This Court has already rejected Respondents' attempts to justify an unlawful detention based on post-hoc rationalization. *See Inestroza Carbajal v. Frazier*, No. 26-CV-2778, 2026 WL 1309265, at *1, *4–*5 (E.D.N.Y. May 12, 2026) ("Respondents' detention, effectuated pursuant to § 1225(b)(2) violated Inestroza Carbajal's due process rights. . . . Respondents' change in legal position, post-hoc rationalizations, and attempts to remedy do not vitiate an arrest and detention that was illegal from its inception.").

Respondents concede that *Inestroza Carbajal* controls given the similar facts and rest on their letter. (Resp'ts' Letter at 2). For the reasons explained in *Inestroza Carbajal*,

Martinez Canales's initial detention was illegal and the writ is granted.[2] *See* 2026 WL 1309265, at *4 ("Hundreds of judges in countless cases have found that the arrests and detention of individuals like Inestroza Carbajal—a resident of the United States for an extended period of time—under § 1225(b)(2) violated their procedural due process rights."); *see also Pastrana-Beltran v. Mullin*, No. 26-CV-2657, 2026 WL 1398609, at *1–*2 (E.D.N.Y. May 19, 2026) (similarly rejecting respondents' post-hoc rationalization for petitioner's detention as "threaten[ing] a ping pong approach to Petitioner's liberty that is constitutionally untenable" and granting the writ).

Respondents are directed to effectuate Petitioner's release by **May 27, 2026 at 7:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because in this Order the Court provisionally grants the writ.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  May 27, 2026
Central Islip, New York

---

[2] In *Inestroza Carbajal*, the Court noted that the switch in legal argument was also problematic because it impacted the process to which the petitioner was due. 2026 WL 1309265, at *2 ("Had Respondents first proceeded under [§] 1226(a), Inestroza Carbajal would have been entitled to an individualized custody determination, the ability to seek bond before an immigration judge, and further appellate process[.]"). Here, Martinez Canales asserts that he has never been provided with a custody determination, (Pet. ¶¶ 3–4), and Respondents do not provide any evidence to the contrary. The failure to justify the almost three months of detention is a violation of due process that cannot be cured. *See Inestroza Carbajal*, 2026 WL 1309265, at *2–*4 (finding that respondents violated due process by detaining the petitioner "without an initial custody determination" as required by § 1226(a)).